NICHOLLS *vs.* HANSE ET AL.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

A judgment for a delivery of a thing which has no existence, is not changed by a decree directing the payment of its value.

The defendants had in another suit brought by the plaintiff, obtained a judgment against him for three thousand seven hundred and twenty-three dollars and eighty-three cents, with the condition that the defendants should restore two steam engines to the plaintiff made by him for them, of which one had been destroyed before the rendition of the judgment. Vide 2 *La. Reports,* 382. The plaintiff prayed in this suit for a decree setting aside the execution issued in the former one, and for damages. An injunction was granted staying the sale of a house and lot of plaintiff seized on the execution.

The defendants pleaded the general denial, and alleged that the engine which was destroyed, had never been the

plaintiff's property, nor ever had been claimed by him; that the other engine had been seized on their execution; that it was to be sold, and its proceeds applied to satisfy their judgment.

The judge *a quo* dissolved the injunction, and decreed that the plaintiff should be credited with the value of the engine, estimated at the time it was made. The plaintiff appealed.

The opinion of the court, MATHEWS, J. absent, was delivered by PORTER, J.

The litigation between these parties grew out of a contract by which the plaintiff was to superintend the making of a steam engine for the defendants. The former claimed his wages, and the latter damages from him in consequence of his neglect or want of skill.

On the first trial in the District Court, judgment was rendered in favor of the plaintiff for six hundred and four dollars and sixty-nine cents; and the court further averred, that a small engine which he had delivered in pledge to the defendants should be restored to him.

The judge of the first instance had reached the conclusion just stated by disallowing the defendants' claim in remuneration. On appeal, this court thought he erred in doing so, and they ordered the cause to be remanded in order that the amount to which they were entitled under it should be ascertained.

On the second trial, the District Court gave judgment in favor of the defendants under their claim in remuneration, for the sum of five thousand four hundred and thirty-eight dollars and two cents; and further ordered, that the engine which the plaintiff had defectively made should be restored to him.

From this judgment the plaintiff appealed, and alleged various errors in it. The appellees contented themselves by asking for its confirmation, though the judge had decreed that they should return an object which had already been broken up and destroyed.

The Appellate Court being thus confined by the pleadings to an examination of that part of the judgment of which the plaintiff complained, directed its attention alone to the amount allowed for damages on the plea in reconvention, and left the other part of the decree unaltered.

The judgment rendered by this tribunal was in these words: " That the defendants have judgment for three thousand seven hundred and twenty-three dollars and eighty-three cents, and that they restore to the plaintiff the defective engine, and a smaller one which they received in pledge."

Execution issued against the plaintiff for the amount thus adjudged to be due by him; upon which he applied for an injunction on the grounds that the defendants could not enforce that part of the decree which was in their favor, without performing the obligations it imposed on them.

The court below decided, that as the engine was no longer in existence, it was sufficient if the defendants gave credit for the value of it. The plaintiff appealed.

That part of the judgment which condems the plaintiff to pay a sum of money is absolute, and the right of the defendants to issue execution on it is not made to depend on their first delivering the engines. The plaintiff, however, might have enforced the performance, if it were possible, by a writ of distringas. As the whole case is, however, now before us, that may be done which the court would do if the last mentioned writ had issued, and a specific performance had become impossible. The value in money which represents the thing would be taken, in place of that which no longer exists.

The judge, therefore, in our opinion, did not err in deducting the value of the engine which the defendants could not deliver. In rendering this decree, he by no means changed the judgment already rendered. He did nothing more than carry it into execution, as far as it was possible.

A judgment for the delivery of a thing which has no existence is not changed by a decree directing the payment of its value.

The value of the engine at the time the court decreed it to be rendered up, and not that at the time it was new, was the proper measure of the deduction from the judgment which the defendants had recovered.

The small engine which yet exists *in specie* must be returned.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled and reversed; and it is further ordered, adjudged and decreed, that the judgment rendered in the case against the plaintiff, be credited with the sum of four hundred and eighty-eight dollars and thirty-four cents; but that no execution issue on the same until the defendants restore to the plaintiff the small engine which they received in pledge; and it is further ordered, that the appellees pay costs in both courts.

*Preston,* for appellant.

*Carleton* and *Lockett,* for appellees.